[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT DOCKET NO. 108
The plaintiff, State of Connecticut Commission on Hospitals and Health Care (hereinafter Commission), filed a three-count complaint dated February 20, 1990 against defendant Housatonic Valley Radiological Associates, P.C. (hereinafter HVRA), alleging violations of General Statutes 19a-154, 19a-155 (a), and 19a-155 (b).
In Count One, plaintiff alleges that defendant HVRA operates a "health care facility" as defined by General Statutes 19a-145 and that prior to February 22, 1989, defendant provided "radiological imaging services including CT scanning, fluoroscopy, and mammography." (Complaint, pp. 1-2, paras. 9, 3). Plaintiff alleges that on February 22, 1989, defendant introduced Magnetic Resonance Imaging Services (hereinafter MRI) into its program of health care without first seeking permission from the Commission to undertake such services, in violation of General Statutes 19a-154. (Complaint, p. 2 paras. 7, 10, 11).
Count Two alleges a violation of General Statutes 19a-155 (a) which requires health care facilities to seek approval from the Commission prior to the acquisition of major medical equipment requiring a capital expenditure which is greater than $400,000. Count Three alleges a violation of General Statutes 19a-155 (a) which requires health care facilities to seek approval from the Commission prior to the acquisition of imaging equipment requiring a capital expenditure which is greater than $400,000. Plaintiff seeks temporary and permanent injunctions, as well as any other equitable relief. (Complaint, p. 5).
On July 23, 1990, defendant filed an amended answer, CT Page 10074 pleading two special defenses. The first special defense alleges that 19a-154 and 19a-155 are unconstitutional under the due process clause of both the United States and Connecticut Constitutions. The second special defense alleges that 19a-154 and 19a-155 are unconstitutional under the nondelegation doctrine of the United States Constitution,Article I, 1.
On July 30, 1990, plaintiff filed its reply to these special defenses, thereby closing the pleadings. On May 28, 1991, plaintiff filed a motion for summary judgment as to Count One and a memorandum of law in support thereof. On June 20, 1991, defendant filed a memorandum in opposition to plaintiff's motion for summary judgment accompanied by the affidavit of Dr. Conrad Ehrlich. On July 8, 1991, plaintiff filed a reply brief accompanied by supporting documentary evidence.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987); Practice Book 384. "[T]he trial court must view the evidence in the light most favorable to the nonmoving party." Connell, supra, 246-47.
Plaintiff argues in its supporting memoranda that defendant has violated General Statutes 19a-154 in that 1) defendant operates a "health care facility or institution" as defined by General Statutes 19a-145; 2) defendant introduced an "additional function or service" into its health care program when it instituted MRI services and defendant did so without first seeking permission from the plaintiff Commission to undertake such services.
Defendant responds in its memorandum in opposition that defendant's introduction of MRI services into its program of health care does not constitute an "additional function or service" under General Statutes 19a-154, but rather "most recent enhancement in a long list of improvements to [diagnostic imaging] service which [defendant] HVRA has supplied since its creation" in 1979. Defendant further argues that 19a-154 is unconstitutional in that it violates the nondelegation doctrine of the United States Constitution and the due process clause of the United States and Connecticut Constitutions.
Finally, plaintiff responds that the question of CT Page 10075 "[w]hether the provision of MRI services is an additional function or service under 19a-154 is a matter for the Commission to determine in the first instance," and not a question of fact for the trier of fact to determine.
General Statutes 19a-154 provides in relevant part:
 Any health care facility or institution . . . which intends to introduce any additional function or service into its program of health care . . . shall prior to the proposed date of . . . institution of such function or service . . . submit to the commission a request for permission to undertake such function or service . . .
General Statutes 19a-154.
In Commission on Hospitals Health Care v. Lakoff,214 Conn. 321, 572 A.2d 316 (1990), plaintiff Commission filed a three-count complaint against defendants, alleging violations of 19a-154 and 19a-155. Id., 324-25. Plaintiff alleged in Count One that defendants operated a health care facility and introduced MRI services into their program of health care without first seeking permission from the Commission to undertake such additional function or service. Id., 324. Plaintiff alleged a violation of 19a-154 and sought temporary and permanent injunctions. Id.
The trial court ruled in favor of the plaintiff Commission on its 19a-154 cause of action, explicitly finding that defendants had operated a "health care facility," and implicitly finding that defendants had introduced an "additional function or service." Id., 325, 335. The Supreme Court found no error. Id., 336.
Pursuant to Lakoff, the question of whether a health care facility or institution has introduced an "additional function or service" is a question of fact for the trier of fact to determine.
A genuine issue of material fact remains regarding whether defendant's introduction of MRI services constitutes an "additional function or service" under General Statutes 19a-154. The plaintiff's motion for summary judgment as to Count One of the complaint is denied.
JOHN F. WALSH, J.